UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEONARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAWN PATE,<br><br>　　　　Defendant. | Case No. 15-cv-00401-EDL<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE** |

On March 7, 2017, the Court held a Pretrial Conference in this case. For the reasons stated at the conference and in this Order, the Court orders as follows.

**I.　TRIAL SCHEDULE AND PROCEDURE**

1. Trial in this case will begin on Monday, March 27, 2017 at 9:00 a.m. Counsel shall report to the courtroom no later than 8:30 a.m. The first day of trial will consist of jury selection, opening statements, reading of the preliminary jury instructions, and Plaintiff beginning his case.

2. Generally, the trial schedule shall be from 9:00 a.m. to 4:00 p.m., with two 15-minute breaks and a 45-minute lunch. Counsel shall arrive by no later than 8:30 a.m. to set up and discuss any outstanding issues with the Court outside the presence of the jury.

3. Counsel shall have up to 30 minutes each for opening statements and up to 45 minutes each for closing statements.

4. Defendant shall have up to 6 hours of trial time. Plaintiff shall have up to 4 hours and 15 minutes of trial time, since he has fewer non-cumulative witnesses and acknowledged that he would not need as much time as Defendant. The trial shall be completed and the case turned over to the jury by no later than Wednesday, March 29, 2017.

5. The Court expects to empanel eight jurors.

6. The Parties shall meet and confer and thereafter file a joint brief, neutral statement of the case to be read to the jury panel during voir dire by Monday, March 20, 2017.

7. During jury selection, each side will be able to exercise up to three peremptory challenges (alternating) and any "for cause" challenges outside the presence of the jury.

## II. WITNESSES

If Plaintiff meets the requirements of the Federal Rules of Evidence, see, e.g., Fed. R. Evid. 608(a), he may be permitted to call Richard Younger to testify regarding his character for truthfulness.

## III. EXHIBITS AND DISCOVERY DESIGNATIONS

Defendant's objection to Plaintiff's exhibits on the basis of Plaintiff's failure to timely serve Defendant with copies of the exhibits is OVERRULED.

Upon further reflection, Defendant's objection to Plaintiff's deposition designations is SUSTAINED. Although parties may generally introduce prior consistent statements in order to rehabilitate a witness's character for truthfulness after that character has been attacked, see Fed. R. Evid. 801(d)(1)(B)(ii), such statements are only admissible where they were made before any motive to fabricate arose. See Tome v. United States, 513 U.S. 150, 158 (1995) (prior consistent statements admissible only to rebut "[i]mpeachment . . . charging that the testimony is a recent fabrication or results from an improper influence or motive . . . through introduction of out-of-court consistent statements that predate the alleged fabrication, influence, or motive"). Here, Plaintiff gave his deposition after this case had begun and thus after the motive to fabricate arose.

## IV. MOTIONS IN LIMINE

1. Defendant's Motion in Limine 1 to Exclude Evidence and Argument Regarding Claims for Relief and Parties that Were Dismissed by the Court is GRANTED.

2. Defendant's Motion in Limine 2 to Exclude Evidence and Argument Regarding Matters Admitted by Plaintiff is GRANTED.

3. Defendant's Motion in Limine 3 to Exclude All Testimony By Treating Physicians and Other Experts Not Timely Disclosed as Trial Experts by Plaintiff is GRANTED.

4. Upon reflection, Defendant's Motion in Limine 4 to Exclude Evidence and Questioning

Related to Any Personnel Issues of the Involved Officers is GRANTED because Plaintiff represented during the pretrial conference that he did not intend to introduce any such evidence or questioning.

5. Defendant's Motion in Limine 5 to Request Determination of Whether Defendant Shawn Pate Is Entitled to Qualified Immunity is DENIED for failure to raise by the dispositive motion deadline.

6. Defendant's Motion in Limine 6 to Exclude Evidence and Questioning Related to Plaintiff's Unpled Theory of "Supervisory" Liability for Defendant Pate is GRANTED as to supervisory liability and DENIED as to integral participant liability.

## V. JURY INSTRUCTIONS

By March 20, 2017, the Parties shall jointly file two complete sets of jury instructions, one clean version and one redline. These instructions shall conform with the Court's directions during the Pretrial Conference. They shall be divided into pre-instructions, to be given before trial begins, and post-instructions, to be given at the conclusion of trial.

## VI. VERDICT FORM

By March 20, 2017, the Parties shall jointly file a revised verdict form that conforms with the Court's directions during the Pretrial Conference.

## VII. LODGED DISC

By noon on March 21, 2017, the Parties shall lodge a disc with the Court containing Microsoft Word versions of the joint neutral statement, jury instructions, and verdict form.

**IT IS SO ORDERED.**

Dated: March 10, 2017

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge